UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-484-GWU

LYDA MORGAN,                                                              PLAINTIFF,


VS.                         **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.


**INTRODUCTION**

        Lyda Morgan brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits (DIB).

The case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

        The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

> 1.      Is the claimant currently engaged in substantial gainful activity?
>         If yes, the claimant is not disabled.  If no, proceed to Step 2.
>         See 20 C.F.R. 404.1520(b), 416.920(b).
>
> 2.      Does the claimant have any medically determinable physical
>         or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
>         claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.
>
> 3.      Does the claimant have any severe impairment(s)--i.e., any
>         impairment(s) significantly limiting the claimant's physical or
>         mental ability to do basic work activities?  If yes, proceed to
>         Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
>         404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-484  Morgan

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

06-484  Morgan

whether objective medical evidence confirms the severity of the alleged
pain arising from the condition; or (2) whether the objectively
established medical condition is of such a severity that it can
reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.
1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment.  The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence
before it, despite the plaintiff's claims that he was unable to afford extensive medical
work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592
(6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a
factor to be considered against the plaintiff, Hale v. Secretary of Health and Human
Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-484  Morgan

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

6

such cases, the agency may be required to consult a vocational specialist.  <u>Damron</u> <u>v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of</u> <u>Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Morgan, a 62 year-old former assembler with a "limited" education, suffered from impairments related to coronary artery disease and mild bilateral carpal tunnel syndrome.  (Tr. 17, 20). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 20).  Thus, the claimant could not be considered totally disabled.  (Tr. 21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 20-21).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  The ALJ erred in evaluating the medical record.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the Court must grant the plaintiff's summary

06-484  Morgan

judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ found that Morgan would be restricted to medium level work with an inability to more than frequently bilaterally handle objects with her hands.  (Tr. 18). These restrictions were presented to Vocational Expert Joyce Forrest who opined that a significant number of jobs could still be performed.  (Tr. 207-208).  However, this residual functional capacity was not well supported in the medical record.

Dr. Vickie Hackman, a treating source, was the only physician of record to identify specific functional limitations.  Dr. Hackman opined that the plaintiff would not be able to perform any significant amount of walking or standing as well as perform any repetitive work with her hands.  (Tr. 171-172).  These are more severe physical restrictions than those presented to the vocational expert.   The ALJ rejected Dr. Hackman's opinion because he did not believe that it was well-supported by objective medical data.  (Tr. 19).  However, this was the opinion of a treating physician and it was not specifically contradicted in the record by that of another treating or examining source.  Dr. Bobby Kidd, the examining consultant, did not address the issue of functional restrictions.  (Tr. 131-135).

Furthermore, at least some objective evidence supports Dr. Hackman. Electromyography testing at the Lexington Clinic confirmed the existence of bilateral carpal tunnel syndrome.  (Tr. 168).  Although the condition was noted to be stable,

06-484  Morgan

Morgan's diagnosed coronary artery disease could impose significant limitations with regard to walking and standing. (Tr. 162). Dr. Hackman noted muscle spasms in the back and neck. (Tr. 163). The ALJ should at least have sought the advice of a medical advisor who had reviewed the entire record rather substitute his lay opinion. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 25th day of July, 2007.

Signed By:

_G. Wix Unthank_   _G.W.U._

**United States Senior Judge**

9